# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| GEORGE KUBINI, DOV ) | Criminal No. 11-14 |
| RATCHKAUSKAS, SANDRA ) | Judge Nora Barry Fischer |
| SVARANOVIC, AND ARTHUR SMITH, ) | |
| ) | |
| Defendant, ) | |

## MEMORANDUM ORDER

Presently before the Court is a Motion to Quash Subpoena by Non-Party JPMorgan Chase Bank, N.A. ("JPMorgan") filed on September 20, 2013.[1] (Docket No. 189). Defendants Arthur Smith ("Smith"), George Kubini, Dov Ratchkauskas and Sandra Svaranovic have been collectively charged by a twenty-count superseding indictment with counts of conspiracy, bank fraud, wire fraud and money laundering resulting from their alleged mortgage fraud scheme which spanned from November 2005 until December 2008.[2] (Docket No. 92). Smith had previously filed a Motion for Leave to Serve Rule 17(c) Subpoena upon JPMorgan on July 15, 2013, (Docket No. 148), which was then granted by the Court on July 16, 2013. (Docket No. 156). Pursuant to local rules, the parties met and conferred whereby they agreed upon stipulations for three of the four requests from the subpoena, including the identification of sixty-four specific loan transactions involving JPMorgan and Defendants. (Docket Nos. 183, 184). JPMorgan now only objects to Request No. 3, which seeks "All documents referring or relating to any criminal investigation within the past ten (10) years in which you or your employees may

---

[1] The Court notes that there are still numerous pretrial motions which remain pending before the Court in this multi-defendant case. The Court will issue separate orders setting forth the disposition of these motions following the hearing on pretrial motions set for December 2, 2013.

[2] As part of the superseding indictment, Kubini and Smith each face individual counts for tax related offenses.

be subjects or targets arising in whole or in part from any transactions occurring within the Western District of Pennsylvania." (Docket No. 189). JPMorgan argues that this request is overbroad, unreasonable and unduly burdensome. (Docket No. 190).

A Motion Hearing was held on October 7, 2013, (Docket No. 202) and this matter has been briefed extensively by Smith, (Docket Nos. 148, 201, 204), JPMorgan, (Docket Nos. 189, 190, 205, 217) and the Government (Docket Nos. 180, 216), which also objects to the scope of the requested information. Accordingly, this motion is ripe for disposition.

Upon consideration of all of the parties' submissions, the evidence presented during the motion hearing and thereafter and for the following reasons, Non-party JPMorgan Chase's Motion [189] is GRANTED and the subpoena is quashed without prejudice for Smith to seek leave of Court to serve a subpoena within the strictures of Federal Rule of Criminal Procedure 17 as set forth below.

Primarily, JPMorgan objects to Request No. 3 because it does not meet the requirements of Rule 17 and additionally, because the request is overbroad, unreasonable and unduly burdensome. (Docket No. 189 at 1). In order for the court to grant pre-trial production through a Rule 17(c) subpoena *duces tecum*, the proponent of production must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

The party seeking production must "clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Id*. at 700. "These specificity and relevance elements require more than the title of a document and conjecture as to its contents." *United States v. Nagle*, 2010 WL 2573855 (M.D. Pa. June 23, 2010) (*citing United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992)). Rule 17(c) subpoenas are not intended to provide a means of discovery in criminal cases. *Nixon*, 418 U.S. at 699. Indeed, "courts must be careful that [a] Rule 17(c) [subpoena] is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16." *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980). "[M]ore is needed to sustain a subpoena than the defendant's own subjective belief (i.e., hope) that he or she may find something useful by casting a subpoena upon the waters." *United States v. Eisenhart*, 43 F. App'x 500, 505 (3d Cir. 2002).

"[R]ule 17(c) is designed as an aid for obtaining relevant evidentiary material that the moving party may use at trial." *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980). Therefore, Smith's request must assert that discoverable material exists that is relevant to his charged conduct. Here, Defendant is seeking information related to the bank and mortgage fraud charges which were a result of transactions involving JPMorgan. Both fraud statutes which are part of the alleged conspiracy require a "scheme or artifice to defraud" that is achieved "by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. §§ 1343, 1344. Additionally, "[m]ateriality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes." *Neder v. United States*, 527 U.S. 1, 25 (1999). "To be material, the statement must have a natural tendency to influence, or [be] capable of influencing, the decision making body to which it is addressed." *United States v. McBane*, 433 F.3d 344, 350 (3d Cir. 2005) (internal citations omitted). "It is also clear that a statement may be material even if no

agency actually relied on the statement in making a decision." *Id.* Smith asserts that the requested information related to the criminal investigations is material to JPMorgan's state of mind because it will show that the alleged misrepresentations did not influence its decision to approve the subject loans.

With this framework in mind, the Court finds that Smith has not sufficiently identified specific evidence that is relevant and material to the charges. Smith points to a trio of District Court decisions out of the Ninth Circuit which held that the lending practices of lending institutions are admissible as to whether the conspirator's alleged misrepresentations were material. *See United States v. Maximov*, 2011 WL 4915162 (D. Az. Oct. 17, 2011); *United States v. Somee*, 2012 WL 5473153 (D. Nev. Nov. 9, 2012); *United States v. Quassani*, 2013 WL 2476799 (D. Nev. Jun. 7, 2013). However, these cases are distinguishable because Smith has not subpoenaed JPMorgan requesting evidence regarding their lending practices. Further, these cases decide the admissibility of evidence following motions in limine; they are not analyzing a Rule 17 subpoena.

In this Court's estimation, Smith's request fails for lack of specificity because the criminal investigations have not been limited in any way to the sixty-four specific transactions identified by the Government which are the basis of the alleged scheme. Smith has not limited his request to such information because he contends that the transactions at issue were bundled and sold by JPMorgan with other unidentified loan files. *See* (Docket No 291 at 6). However, Smith has not provided any explanation as to how JPMorgan's review of unrelated loan files is relevant to its analysis of the loan applications which are at issue in this case. Additionally, Smith has not provided any proof that these documents even exist. He merely assumes these documents exist because JPMorgan is currently prominently featured in the media for settling for

$11 billion with the Government after being under investigation and is in civil litigation challenging lending practices throughout the country. The Court of Appeals for the Third Circuit has expressed its view that such broad requests are not permissible when they are made in the hope of discovering useful information. *Eisenhardt*, 43 F. App'x at 505. Hope does not suffice.

Even though Defendant has not met his burden to produce a proper Rule 17(c) subpoena, the Court takes this opportunity to briefly address the sufficiency of JPMorgan's affidavit of undue burden. (Docket No. 205). The Court understands that due to Defendant's improperly broad request, it would be difficult to explain with any particularity the manner in which producing the materials would be intrusive. *See* (Docket No. 205). However, if a more specific request were submitted by the Defendant, the Court would expect a more detailed justification than JPMorgan's current declaration to determine that requiring production would result in undue hardship. *See Nagle*, 2010 WL 2573855 ("the court may nonetheless quash the subpoena if it finds that the burden of producing the subpoenaed records greatly outweighs any relevance they may have to the case").

Accordingly, this subpoena is quashed without prejudice, to Defendant seeking Leave to Serve a specifically tailored Rule 17(c) subpoena seeking production of material evidence to the alleged charges in this case.

For these reasons,

IT IS HEREBY ORDERED THAT JPMorgan's Motion to Quash [189] Request No. 3 is GRANTED, at this time

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated:	November 7, 2013

cc/ecf: All counsel of record