IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-014 |
| | ) | |
| GEORGE KUBINI | ) | |
| DOV RATCHKAUSKAS | ) | |
| SANDRA SVARANOVIC | ) | |
| ARTHUR SMITH | ) | |

**STIPULATION REGARDING BORROWER-WITNESSES**

The United States of America, by and through the undersigned Assistant United States Attorneys, and Defendants George Kubini, Dov Ratchkauskas, Sandra Svaranovic, and Arthur Smith, by and through their respective undersigned counsel, stipulate as follows:

WHEREAS, the United States has asserted that the defendants' guideline sentencing ranges should be enhanced pursuant to the provisions of U.S.S.G. §§ 2B1.1(b)(2) and 3A1.1;

WHEREAS, the Defendants assert that their guideline sentencing ranges should not be enhanced pursuant to the provisions of U.S.S.G. §§ 2B1.1(b)(2) or 3A1.1;

WHEREAS, Defendants also assert that even if certain of the borrower-witnesses are considered "victims" under U.S.S.G. §§ 2B1.1(b)(2) or 3A1.1 as to one or more defendants, such a designation does not mean they are victims as to all the defendants. The government disputes these arguments.

WHEREAS, the Court has conducted evidentiary proceedings to resolve sentencing guideline enhancements, including whether or not the defendants' guideline sentencing ranges should be enhanced pursuant to the provisions of U.S.S.G. §§ 2B1.1(b)(2) and/or 3A1.1;

WHEREAS, on November 10, 2015, the Court heard testimony on direct examination and cross-examination from three borrower-witnesses: Theresa Ward, Tawnya McCabe, and Tomeika Jackson;

WHEREAS, on November 10, 2015, the Court heard testimony on direct examination but not cross-examination from borrower-witness Jacqueline Clancy;

WHEREAS, on November 10, 2015, the Court admitted the following exhibits:

- G29 - Interview report for Theresa Ward
- AJS-1 - check endorsed by T. Ward at closing
- AJS-2 - Uniform Residential Loan Application for 4561 Parnell
- AJS-3 - closing document for 4561 Parnell
- GK-A - URA for Tawnya McCabe
- GK-B - settlement statement for closing on 216A Noblestown Road
- AJS-5 - URA for 216A Noblestown Road
- AJS-6 - loan document for 216A Noblestown
- AJS-7 - $19,425.51 check from Arthur Smith
- AJS-8 - settlement statement for 216A Noblestown Road
- AJS-9 - memorandum of interview of T. McCable by Agent Fisher

2

- AJS-10 - URA for Mt. Carmel Road closing
- AJS-11 - series of checks relating to Mt. Carmel Road closing
- AJS-12 - HUD-1 for Mt. Carmel closing
- G-10 - memorandum of interview for J. Clancy

WHEREAS, the parties anticipate that if additional borrower-witnesses would be called to testify, significant time and resources would be necessary to hear all of their testimony, and that similar exhibits to those already admitted would be admitted through their testimony;

WHEREFORE, the parties stipulate and agree as follows, and ask the Court to adopt and approve of these stipulations:

1. The Court shall schedule a further evidentiary hearing at which the parties will introduce any additional evidence on all disputed sentencing enhancements. The government shall insure that Ms. Clancy is present at said hearing to be subjected to cross-examination by defendants. Any party intending to introduce witness testimony at this further hearing shall disclose the name and a brief summary of each witness's expected testimony to all parties and the Court seven (7) days prior to the hearing.

2. For purposes of determining whether or not the defendants' guideline sentencing ranges should be enhanced pursuant to the provisions of U.S.S.G. § 3A1.1, the Court may consider the testimony of witnesses Ward, McCabe, Jackson and Clancy (if Clancy appears for cross-examination), as well as all of the exhibits admitted in connection with their testimony. The parties may submit additional

exhibits for the Court to review in connection with the resolution of this issue. The parties reserve the right to object to consideration of any such additional exhibits, except that the government will not object to the admission and consideration by the Court of any additional defense exhibits of the type admitted during the witnesses' November 10th testimony.

3. For purposes of determining whether or not the defendants' guideline sentencing ranges should be enhanced pursuant to the provisions of U.S.S.G. § 2B1.1(b)(2), the Court may consider the testimony of witnesses Ward, McCabe, Jackson and Clancy (if Clancy appears for cross-examination), as well as all of the exhibits admitted in connection with their testimony. The parties may submit additional exhibits for the Court to review in connection with the resolution of this issue. The parties reserve the right to object to consideration of any such additional exhibits, except that the government will not object to the admission and consideration by the Court of any additional defense exhibits of the type admitted during the witnesses' November 10th testimony.

4. For purposes of determining whether or not the defendants' guideline sentencing ranges should be enhanced pursuant to the provisions of U.S.S.G. §§ 2B1.1(b)(2) and/or 3A1.1, the Court may consider the criminal histories of all witness-borrowers previously produced to defense counsel and any additional criminal histories discovered by the defense.

5. Following the additional evidentiary proceedings, the Court will enter a briefing schedule, including submission of proposed findings of fact and

conclusions of law if necessary, on the issue of whether or not the defendants' guideline sentencing ranges should be enhanced pursuant to the provisions of U.S.S.G. §§ 2B1.1(b)(2) and/or 3A1.1, along with any other remaining disputed sentencing issues.

6.   Nothing in this stipulation is intended to limit the parties' rights to call witnesses or introduce other evidence directed to other disputed sentencing issues. The parties anticipate that the Court's resolution of these issues under 2B1.1(b)(2) and 3A1.1 as to borrower-witnesses Ward, McCabe, Jackson and Clancy will resolve the parties' dispute as to the applicability of the vulnerable victim enhancement under 3A1.1, and greatly assist the government in determining whether it will be necessary to call additional borrower-witnesses to satisfy its burden of proof with respect to 2B1.1(b)(2).

By: /s/ Stephen S. Stallings
Stephen S. Stallings, Esquire
PA ID No. 205131
*Attorney for Defendant Arthur Smith*

/s/ Roger A. Cox
Roger A. Cox, Esquire
PA ID no. 312608
*Attorney for Defendant Dov Ratchkauskas*

/s/ Robert E. Stewart
Robert E. Stewart, Esquire
PA ID No. 42164
*Attorney for Defendant George Kubini*

/s/ William C. Kaczynski
William C. Kaczynski, Esquire
PA ID No. 23564
*Attorney for Defendant Sandra Svaranowic*

*/s/ Shaun E. Sweeney*
Shaun E. Sweeney
Assistant United States Attorney
PA ID No. 53568

*/s/ Brendan T. Conway*
Brendan T. Conway
Assistant United States Attorney
PA ID No. 78726

6